**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YASER MALEKZADEH,

Petitioner,

v. No. 26-cv-00256-DHU-SCY

WARDEN CASTRO, Otero County Processing Center, MARY DE ANDA-YBARRA, Field Officer Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department Of Homeland Security; AND PAMELA BONDI, U.S. Attorney General,

Respondents.

**ORDER DENYING ADDITIONAL RELIEF**

This matter comes before the Court on Petitioner Yaser Malekzadeh's Letter, reporting on a second bond hearing ordered by this Court, at which he was denied bond, and requesting relief from this Court. Doc. 14. The Government submitted its own status report, Doc. 15, as well as the Digital Audio Recording ("DAR") of the second bond hearing, Doc. 16. After considering the parties' submissions and the DAR from the bond hearing conducted on April 21, 2026 by IJ Jacinto Palomino, the Court **DENIES** Petitioner's request for additional relief.

On March 20, 2026, this Court issued an Order Granting in Part Petitioner's Habeas Petition. Doc. 7. The Order required Respondents to provide Petitioner with a bond hearing within seven days, at which the Government would "bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention." *Id.* at 4. According to separate status reports submitted by Petitioner and Respondents, a bond hearing was held on March 23 or 24, 2026, and bond was denied. Doc. 9 at

1; Doc. 10 at 1. The Court ordered Respondents to produce an audio recording of the bond hearing in order to evaluate Petitioner's claims regarding this first bond hearing. Doc. 11. However, the Government was unable to produce a recording because the audio recording device was not turned on by the Immigration Judge. Doc. 12. Accordingly, to ensure protection of Petitioner's due process rights, the Court ordered a new bond hearing. Doc. 13.

On April 27, 2026, the parties again submitted separate status reports, both confirming that an additional bond hearing was held on April 21 or 22, 2026, and that at that hearing, bond was once again denied. Doc. 14 at 1; Doc. 15 at 1. In his letter, Petitioner alleges that his lawyer was not given a chance to argue or prove that Petitioner is not a flight risk or a danger. Doc. 14. He further alleges that the Immigration Judge stated "he doesn't care what the district court think[s] nor what the [Board of Immigration Appeals] thinks." *Id.* Petitioner requests that this Court review the DAR and look into his claim. *Id.* The Government provided the DAR from this second bond hearing for the Court's review. Doc. 16.

The Court has reviewed the DAR from the bond hearing at issue in this matter and finds that additional relief is not warranted. The IJ has broad discretion to decide what factors to consider in making a custody determination. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).[1] The shifted burden ordered by this Court did not require the Government to produce a specific type or

[1] "Immigration Judges may look to a number of factors in determining whether [a noncitizen] merits release from bond, as well as the amount of bond that is appropriate. These factors may include any or all of the following: (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they entitle the [noncitizen] to resident permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record . . . ; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry into the United States." *Matter of Guerra*, 24 I&N Dec. at 40 (citations omitted).

quantity of evidence, nor did it dictate how the IJ must weigh the numerous factors that may be considered in determining if bond is appropriate. While it is true that the IJ turned first to Petitioner's counsel for evidence in favor of bond, it does also appear from the DAR that the IJ heard evidence from the Government which supported his decision to deny bond. In addition, the IJ's statement that he "doesn't care what the district court thinks" is certainly concerning, but the context of this statement does not suggest this impacted his bond decision. Finally, Petitioner's contention that the IJ was "very rude and aggressive" is supported by the DAR. Unfortunately, though, due process does not require a compassionate or courteous IJ. The Court cannot grant additional relief on this basis.

To the extent Petitioner believes the denial of bond was erroneous, his proper avenue for relief would be an appeal to the Board of Immigration Appeals ("BIA"), not this Court. The Court declines to step into the shoes of the BIA and review the merits of the IJ's decision. Accordingly, any request for additional relief by Petitioner must be **DENIED**. Following this Order, the Court will issue a final judgment in this case.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE